UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| KENTUCKY DEPARTMENT OF AGRICULTURE, by and through, KENTUCKY COMMISSIONER OF AGRICULTURE, JONATHAN SHELL<br><br>*Plaintiff*<br>   105 Corporate Drive<br>   Frankfort, KY 40601<br><br>v.<br><br>H & M ROADHOUSES, LLC also known as CATTLEMAN'S ROADHOUSE<br><br>*Defendant*<br><br>Service on:<br>   C. Gilmore Dutton, III,<br>   *Registered Agent*<br>   513 Main Street<br>   Shelbyville, KY 40065 | Case No. 25-cv-_____ |

**COMPLAINT**

Comes the Kentucky Department of Agriculture ("the Plaintiff") and for its Complaint against H & M Roadhouses, LLC, also known as Cattleman's Roadhouse ("Cattleman's"), Plaintiff states as follows:

--1--

## PRELIMINARY STATEMENT

1. This action is brought by Plaintiff, the Kentucky Department of Agriculture against H & M Roadhouses, LLC, also known as Cattleman's Roadhouse, under the federal Lanham Act, 15 U.S.C. § 1051 *et seq.,* including Lanham Act claims of trademark infringement, trademark counterfeiting, and federal statutory unlawful deceptive trade practices and unfair competition, along with pendent, ancillary, and supplemental claims under state law, including state statutory law, namely, KRS 260.017, and an unlawful deceptive trade practices and unfair competition claim brought under the common law, all relating to the unauthorized commercial use of the KENTUCKY PROUD trademarks by Cattleman's and its related companies.

## SUBJECT MATTER JURISDICTION

2. This Court has original jurisdiction to adjudicate the Lanham Act claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), and pendent, ancillary, and supplemental jurisdiction to adjudicate the state statutory and common law claims associated therewith, pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

## PARTIES

3. The Plaintiff is the Kentucky Department of Agriculture, by and through Kentucky Commissioner of Agriculture, Jonathan Shell. The Plaintiff's principal address is 105 Corporate Drive, Frankfort, Kentucky, 40601.

4. The Defendant is H & M Roadhouses, LLC, doing business as Cattleman's Roadhouse, the owner and operator of a restaurant chain with restaurants located in Kentucky and Indiana. Its principal place of business is 221 Breighton Circle, Shelbyville, Kentucky, 40065.

5.      Defendant's registered agent for service of process is C. Gilmore Dutton, III, 513 Main Street, P.O. Box 967, Shelbyville, Kentucky 40065.

## VENUE

6.      Venue in the United States District Court, Eastern District of Kentucky, Frankfort Division is proper because: (1) the Plaintiff is located in Franklin County; and (2) the Defendant's conduct giving rise to this Complaint, which has occurred in multiple counties throughout Kentucky, has also occurred in Franklin County.

## FACTS

7.      In 2002, the Plaintiff started "Kentucky Fresh," a buy-local marketing initiative to promote the purchase of Kentucky grown and raised agricultural products. Over time, this program evolved into the Kentucky Proud™ Program.

8.      As early as 2004, the Plaintiff commenced continuous use of the iconic symbol of a cardinal in flight next to the words "Kentucky Proud" surrounded by a generally oval border comprised of two "swoosh" marks to assist consumers in identifying Kentucky agricultural products, hereafter referred to as the KENTUCKY PROUD Logo or Design Mark, specifically, this image:



9.      Throughout the early 2000s, the Kentucky Proud™ brand and the logo version thereof (hereinafter sometimes collectively referred to as the "KENTUCKY PROUD Marks") served as an informal marketing program to further the Plaintiff's duty to promote "the interests of agriculture and horticulture." Ky. Rev. Stat. § 246.020.

10. In 2008, after recognizing the success and popularity of the Kentucky Proud™ brand, the Kentucky General Assembly enacted legislation specifically relating to the Kentucky Proud™ Program, including statutory protection of the KENTUCKY PROUD Marks, namely, Ky. Rev. Stat. § 260.017, formally granting specific statutory authority to the Commissioner of Agriculture to control the use of the Kentucky Proud™ mark and to establish a "Kentucky Proud™ Program to promote the sale of agricultural products," namely "Kentucky-grown agricultural products that qualify for the program." Ky. Rev. Stat. § 260.017(1).

11. Among other things, the statutory scheme governing the Kentucky Proud™ Program provides various controls and restrictions relating to approved uses of the Kentucky Proud™ label or Logo, including assorted provisions providing as follows:

a. "The logo or labeling statement shall not be used without a license from the Commissioner, except that wholesalers and retailers may use the logo or labeling statement for displaying and advertising products that qualify for the Kentucky Proud™ Program. The Commissioner may deny the use of the logo or labeling statements if they are used in a manner that does not meet the criteria of the program." Ky. Rev. Stat. § 260.017(2);

b. "A person shall not use the logo or labeling statement without an annual license from the Commissioner." Ky. Rev. Stat. § 260.017(4); and

c. "A person who is required to have a license to participate in the Kentucky Proud™ Program and uses the logo or labeling statement without a license after being notified by the Commissioner that a license is required shall be liable to a civil penalty not to exceed the sum of one hundred dollars ($100) for the violation, and an additional civil penalty not to exceed one hundred dollars ($100) for each day during which the violation continues. The penalties shall be

recoverable in an action brought in the name of the Commonwealth of Kentucky by the department or, upon the department's request, by the Attorney General." Ky. Rev. Stat. § 260.017(9).

12. In addition to the Kentucky state statutory protection of the KENTUCKY PROUD Marks the Plaintiff is the owner of various nationwide registrations of the Marks, including registration of the KENTUCKY PROUD word mark with the United States Patent and Trademark Office (the "PTO") on November 26, 2013 for "Advertising, marketing and promotion services in the field of agricultural products; Advertising, promotion, and marketing services in the nature of advertising campaigns for Kentucky agricultural products and arts and crafts," namely, Registration No. 4,440,214. A copy of said registration is attached hereto and incorporated herein by this reference marked as Plaintiff's Exhibit 1.

13. The nationwide registration of the KENTUCKY PROUD Marks also includes registration of the KENTUCKY PROUD Logo or Design Mark shown here, registered with the PTO on December 3, 2013 also for "Advertising, marketing and promotion services in the field of agricultural products; Advertising, promotion, and marketing services in the nature of advertising campaigns for Kentucky agricultural products and arts and crafts," namely, Registration No. 4,443,706. A copy of said registration is attached hereto and incorporated herein by this reference marked as Plaintiff's Exhibit 2.

14. The nationwide registration of the KENTUCKY PROUD Marks also includes a second registration of the KENTUCKY PROUD Logo or Design Mark shown just above registered with the PTO on February 28, 2017, specifically registered under 15 U.S.C. § 1054 as a "Certification mark" as defined under 15 U.S.C. § 1127, for certifying the mark is being "used by persons authorized by the certifier," that is to say the Plaintiff, and when lawfully used "certifies

or is intended to certify that the good was grown, processed and/or made in Kentucky" which registration relates to assorted goods including, among other things, "spices" and "herbs," namely, Registration No. 5,148,748 (the " '748 Registration"). A copy of said registration is attached hereto and incorporated herein by this reference marked as Plaintiff's Exhibit 3.

15. Each of the three registrations of the KENTUCKY PROUD Marks identified above are in full force and effect and are now deemed incontestable within the meaning of 15 U.S.C. § 1065.

16. On or about May 17, 2024, the Plaintiff received an E-mail from a citizen who patronized one of the Defendant's restaurants. The citizen was confused why the Kentucky Proud$^{TM}$ mark appeared on the Defendant's salt and pepper grinders because the labels on those objects stated the salt and pepper were products of Italy and packaged in Tampa Bay, Florida. A copy of said E-mail (with E-mail address redacted) is attached hereto and incorporated herein by this reference marked as Plaintiff's Exhibit 4.

17. To investigate and confirm same, on or about July 10, 2024, an employee of the Plaintiff visited the Defendant's restaurant in Frankfort, Kentucky, and visually confirmed the Kentucky Proud$^{TM}$ mark appeared on the Defendant's salt and pepper grinders.

18. Consistent with the citizen's statement, the labeling on Defendant's salt and pepper grinders stated they were products of Italy and were packaged in Florida.

19. The Plaintiff then confirmed that Cattleman's was commercially utilizing salt and pepper grinders bearing the KENTUCKY PROUD Marks at various of its restaurants including uses shown in the following photographs:

| | |
|---|---|
|  Frankfort Restaurant |  Morehead Restaurant |
|  Mt. Sterling Restaurant |  Danville Restaurant |

--7--



Richwood Restaurant

20.     On July 12, 2024, the Plaintiff issued by certified mail a cease-and-desist letter to the Defendant at its principal address registered with the Kentucky Secretary of State: 221 Breighton Circle, Shelbyville, Kentucky, 40065. That letter was returned undelivered.

21.     On August 7, 2024, the Plaintiff reissued a cease-and-desist letter, this time, addressing it via certified mail to the Defendant's registered agent, C. Dilmore Dutton, III, 513 Main Street, Shelbyville, KY 40065. A copy of said letter is attached hereto and incorporated herein by this referenced marked as Plaintiff's Exhibit 5.

22.     On August 26, 2024, Mr. Dutton responded to the Plaintiff's cease-and-desist letter by acknowledging that he represents the Defendant, that the Defendant had received the Plaintiff's cease-and-desist letter, and that the Defendant would remove the infringing salt and pepper grinders within 120 days. A copy of said letter is attached hereto and incorporated herein by this reference marked as Plaintiff's Exhibit 6.

23. The Plaintiff was amenable to the Defendant's request for 120-days to phase-out of the use and display of the infringing products.

24. But, well after expiration of the agreeable 120-day phase-out, on March 6, 2025, the Plaintiff visually confirmed the Defendant was continuing the use of the infringing salt and pepper grinders.

25. On March 7, 2025, the Plaintiff issued a "Final Notice" to the Defendant, through its registered agent and general counsel, stating the Plaintiff would avail itself of any and all legal recourse to protect its ownership rights of the Kentucky Proud™ mark if the Defendant did not remove every infringing salt and pepper grinder from its restaurants within 60-days. A copy of said letter is attached hereto and incorporated herein by this reference marked as Plaintiff's Exhibit 7.

26. The Defendant did not respond to Plaintiff relating to the March 7, 2025 Final Notice.

27. On or about May 6, 2025, an employee of the Plaintiff visited the Defendant's restaurant in Frankfort, Kentucky, and visually observed the infringing salt and pepper grinders were still in use in the dining room area.

28. On May 7, 2025, the Plaintiff attempted to contact Mr. Dutton by telephone in one final attempt to avoid litigation and simply have the Defendant remove the infringing objects from its restaurants.

29. The Plaintiff left a message with Mr. Dutton's assistant to return the Plaintiff's call, but Mr. Dutton never returned the Plaintiff's call.

30. Prefatory to the filing of this Complaint, on or about July 22, 2025, Plaintiff confirmed that Defendant's continues to use the infringing salt and pepper grinders at various of its restaurants.

31. The actions complained of herein wrongly encroach upon the KENTUCKY PROUD Marks and are likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's products, including the spices provided within its salt and pepper grinders constitute Kentucky grown and raised agricultural products; are likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's products, including the spices provided within its salt and pepper grinders satisfy the criteria of the Kentucky Proud™ Program; are likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's has obtained official certification from Plaintiff that Cattleman's goods, including the spices provided within its salt and pepper grinders were grown, processed and/or made in Kentucky; and are likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's is the holder of an annual license from the Plaintiff to utilize the KENTUCKY PROUD Marks or is otherwise affiliated with Plaintiff and was and is utilizing the KENTUCKY PROUD Marks with the permission of Plaintiff.

32. At all times pertinent to this Complaint, Cattleman's had the right and ability to supervise the actions complained of in each of the Counts brought herein and had direct financial interest in the operations of each of the Cattleman's restaurants utilizing the KENTUCKY PROUD Marks without the right to do so, both any company owned restaurants as well as any of the Cattleman's restaurants affiliated with Cattleman's which constitute its "related companies" as defined by the Lanham Act, 15 U.S.C. § 1127.

33. To the best of the knowledge and belief of Plaintiff, the actions complained of in each of the Counts brought herein and more specifically the continuation thereof following its notice to cease and desist were committed by Cattleman's and any related company(ies)

knowingly, intentionally, willfully, wantonly, maliciously, or otherwise with reckless disregard of the property rights and interests of the Plaintiff.

34. By interfering with the Plaintiff's statutory obligation to control the use of the Kentucky Proud$^{TM}$ mark and to maintain a Kentucky Proud$^{TM}$ Program to promote the sale of agricultural products, namely Kentucky-grown agricultural products that qualify for the program, Cattleman's action in issue in this proceeding have injured the Plaintiff, harm the integrity of the Kentucky Proud$^{TM}$ Program, and have unjustly enriched Cattleman's through its unauthorized use of the KENTUCKY PROUD Marks and benefit from the good will and reputation associated with the KENTUCKY PROUD Marks.

35. Continuation of any of the actions complained of in each of the Counts brought herein will cause the Plaintiff to incur irreparable injury for which there is no adequate remedy at law.

## COUNT 1

### Infringement of the Registered KENTUCKY PROUD Marks

36. The allegations of each of the foregoing paragraphs of this Complaint are hereby incorporated into this Count by this reference.

37. Cattleman's has and continues to utilize the registered KENTUCKY PROUD Marks in commerce without the consent of the Plaintiff in connection with the promotion and conduct of its business.

38. The commercial context in which Cattleman's has used the registered KENTUCKY PROUD Marks without the consent of the Plaintiff is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's products, including the spices provided within its salt and pepper grinders constitute Kentucky grown and raised

agricultural products; is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's products, including the spices provided within its salt and pepper grinders satisfy the criteria of the Kentucky Proud™ Program; is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's has obtained official certification from the Plaintiff that Cattleman's goods, including the spices provided within its salt and pepper grinders, were grown, processed and/or made in Kentucky, and is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's is the holder of an annual license from the Plaintiff to utilize the KENTUCKY PROUD Marks or is otherwise affiliated with the Plaintiff and utilizing the KENTUCKY PROUD Marks with the permission of the Plaintiff.

39. Said actions of Defendants thus constitute violations of section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II

### Infringement of the Registered KENTUCKY PROUD Certification Mark

40. The allegations of each of the foregoing paragraphs numbered 1 through 35 of this Complaint are hereby incorporated into this Count by this reference.

41. One of the nationwide registrations of the KENTUCKY PROUD Marks, namely the '748 Registration, includes a registration of the KENTUCKY PROUD Logo or Design Mark shown here, is specifically registered under 15 U.S.C. § 1054 as a "Certification mark" as defined under 15 U.S.C. § 1127, for certifying the mark is being "used by persons authorized by the certifier," that is to say the Plaintiff, and when lawfully used "certifies or is intended to certify that

the good was grown, processed and/or made in Kentucky" in relation to assorted goods including, among other things, "spices" and "herbs."

42. For Cattleman's to utilize this mark without authority to do so thus falsely, in violation of 15 U.S.C. § 1054, represents that its products are "grown, processed and/or made in Kentucky"

43. The context in which Cattleman's has so used this mark in commerce without authority is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's has obtained official certification from the Plaintiff that Cattleman's goods, including the spices provided within its salt and pepper grinders were grown, processed and/or made in Kentucky

44. Said actions of Cattleman's thus constitute violations of section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT III

### Trademark Counterfeiting

45. The allegations of each of the foregoing paragraphs numbered 1 through 35 of this Complaint are hereby incorporated into this Count by this reference.

46. Cattleman's use of the registered KENTUCKY PROUD Marks in commerce without the consent of the Plaintiff in connection with the promotion and conduct of its business, including use for the spices provided within its salt and pepper grinders, constitutes use of spurious designations that are identical with or substantially indistinguishable from the registered Marks in a manner constituting trademark counterfeiting as defined by section 45 of the Lanham Act, 15 U.S.C. § 1127, in violation of section 34 of the Lanham Act, 15 U.S.C. § 1116(d).

## COUNT IV

**Lanham Act Unlawful Deceptive Trade Practices
And Unfair Competition**

47. The allegations of each of the foregoing paragraphs numbered 1 through 35 of this Complaint are hereby incorporated into this Count by this reference.

48. Cattleman's has and continues to utilize the registered KENTUCKY PROUD Marks in commerce without the consent of the Plaintiff in connection with the promotion and conduct of its business.

49. The commercial context in which Cattleman's has so used the registered KENTUCKY PROUD Marks is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's products, including the spices provided within its salt and pepper grinders, constitute Kentucky grown and raised agricultural products; likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's products, including the spices provided within its salt and pepper grinders, satisfy the criteria of the Kentucky Proud[TM] Program; are likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's has obtained official certification from the Plaintiff that Cattleman's goods, including the spices provided within its salt and pepper grinders, were grown, processed and/or made in Kentucky, and is likely to cause mistake, or to deceive consumers into believing that Cattleman's is the holder of an annual license from the Plaintiff to utilize the KENTUCKY PROUD Marks or is otherwise affiliated with the Plaintiff and utilizing the KETUCKY PROUD Marks with the permission of the Plaintiff.

50. The offending activities set forth above are uses in commerce likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection or association of the Cattleman's with the Plaintiff, or are otherwise likely to cause confusion, or to cause mistake, or

to deceive as to the origin with the Plaintiff or sponsorship or approval by the Plaintiff of the uses of the KENTUCKY PROUD Marks and constitute uses in commercial advertising or promotion which misrepresent the nature, characteristics, qualities, or geographic origin of Cattleman's products.

51. Said actions of Cattleman's thus constitute violations of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT V

### Unlicensed Use of Kentucky Proud™ Logo
### (Ky. Rev. Stat. § 260.017(9))

52. The allegations of each of the foregoing paragraphs numbered 1 through 35 of this Complaint are hereby incorporated into this Count by this reference.

53. Under Ky. Rev. Stat. § 260.016, "'Kentucky-grown agricultural product' means any agricultural product grown, raised, produced, processed, or manufactured in Kentucky; and any product processed or manufactured from one (1) of the following fish species, provided the fish were harvested from a river, lake, or other body of water located in Kentucky: Asian carp, paddlefish, or sturgeon."

54. Under Ky. Rev. Stat. § 260.017(1), the Kentucky Proud™ name or logo are only to be used to "identify[ ] Kentucky-grown agricultural products that qualify for the program."

55. Under Ky. Rev. Stat. § 260.017(2), the Kentucky Proud™ name or logo "shall not be used without a license from the Commissioner, except that wholesalers and retailers may use the logo or labeling statement for displaying and advertising products that qualify for the Kentucky Proud™ Program."

56. The Defendant's salt and pepper grinders do not qualify for the Kentucky Proud™ Program because the spices contained within the shakers do not meet the definition of "Kentucky-

grown agricultural product" under Ky. Rev. Stat. § 260.016(2). Specifically, the spices are products of Italy and were packaged in Florida.

57. The Defendant does not possess a license from the Plaintiff to use the Kentucky Proud™ name or logo.

58. Under Ky. Rev. Stat. § 260.017(9), "A person who is required to have a license to participate in the Kentucky Proud™ Program and uses the logo or labeling statement without a license after being notified by the Commissioner that a license is required shall be liable to a civil penalty not to exceed the sum of one hundred dollars ($100) for the violation, and an additional civil penalty not to exceed one hundred dollars ($100) for each day during which the violation continues. The penalties shall be recoverable in an action brought in the name of the Commonwealth of Kentucky by the department or, upon the department's request, by the Attorney General."

59. On August 7, 2024, the Defendant was first notified that it could not use the Kentucky Proud™ logo without a license from the Plaintiff, and it acknowledged receipt of this notification.

60. As of the date of this Complaint, the Defendant continues to use the Kentucky Proud™ logo without a license from the Plaintiff.

## COUNT VI

**Common Law Unlawful Deceptive Trade Practices
And Unfair Competition**

61. The allegations of each of the foregoing paragraphs numbered 1 through 35 of this Complaint are hereby incorporated into this Count by this reference.

62. Cattleman's has, and continues to commercially utilize the registered KENTUCKY PROUD Marks without the consent of Plaintiff in connection with the promotion and conduct of its business.

63. The commercial context in which Cattleman's has so used the KENTUCKY PROUD is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's products, including the spices provided within its salt and pepper grinders, constitute Kentucky grown and raised agricultural products; is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's products, including the spices provided within its salt and pepper grinders, satisfy the criteria of the Kentucky Proud™ Program; is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's has obtained official certification from the Plaintiff that Cattleman's goods, including the spices provided within its salt and pepper grinders, were grown, processed and/or made in Kentucky, and is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Cattleman's is the holder of an annual license from the Plaintiff to utilize the KENTUCKY PROUD Marks or is otherwise affiliated with the Plaintiff and utilizing the KETUCKY PROUD Marks with the permission of the Plaintiff.

64. The offending activities set forth above are likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection or association of the Cattleman's with the Plaintiff, or are otherwise likely to cause confusion, or to cause mistake, or to deceive as to the origin with Plaintiff or sponsorship or approval by the Plaintiff of the uses of the KENTUCKY PROUD Marks and constitute uses in commercial advertising or promotion which misrepresent the nature, characteristics, qualities, or geographic origin of Cattleman's products.

65. Said actions of Cattleman's thus constitute violations of the common law of Kentucky.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the Kentucky Department of Agriculture, by and through Kentucky Commissioner of Agriculture, Jonathan Shell, prays for relief against the Defendant, H & M Roadhouses, LLC, doing business as Cattleman's Roadhouse as follows:

A   An order preliminarily, and permanently enjoining the Defendant, its officers, agents, servants, employees, and attorneys, and any other persons in active concert or participation with them, from use of the KENTUCKY PROUD Marks, and use of any other confusingly similar marks, designations, or indicia;

B   An order requiring the Defendant to take any other action reasonably necessary to prevent any false impression that Defendant's business or goods are affiliated with, sponsored, or approved by the Plaintiff;

C   An award to Plaintiff of damages incurred as a result of the Defendant's unauthorized use of the KENTUCKY PROUD Marks, including an accounting of the Defendant's profits realized in association with said uses with prejudgment interest thereon;

D   Trebling of said award pursuant to 15 U.S.C. § 1117;

E.   In relation to the Counterfeiting Count, should the Plaintiff elect to receive an award of statutory damages rather than an award of actual damages and profits relating to the Counterfeiting Count, an award to the Plaintiff of statutory damages of not less than $1,000 or more than $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the Court considers just, and if the Court finds that the use of the counterfeit mark was willful, an enhancement of any such awards to not more than $2,000,000 per counterfeit mark per type of

goods sold, offered for sale, or distributed, as the Court considers just pursuant to 15 U.S.C. § 1117(c);

  F..  In relation to the Count V dealing with the Defendant's unlicensed use of the Kentucky Proud™ Logo in violation of Ky. Rev. Stat. § 260.017(9), an award not to exceed $100 for the violation and an additional award not to exceed $100 for each day during which the violation continued;

  G.  An award to the Plaintiff of punitive damages in an amount deemed appropriate by the finder of fact;

  H.  An award to the Plaintiff of interest on any judgments rendered in this action;

  I.  An assessment against the Defendant of the costs of this action, including Plaintiff's reasonable attorneys' fees; and

  J  Any further relief to which Plaintiffs may appear entitled.

Respectfully submitted,

/s/ *Heather L. Becker*
Heather L. Becker
Marc E. Manley
Kentucky Department of Agriculture
105 Corporate Drive
Frankfort, KY 40601
(502) 782-9259
(502) 782-9219
HeatherL.Becker@ky.gov
MarcE.Manley@ky.gov

/s/ *Jack A. Wheat*
Jack A. Wheat
jwheat@mcbrayerfirm.com
Bruce B. Paul
bpaul@mcbrayerfirm.com
500 West Jefferson Street, Suite 2400
Louisville, Kentucky 40202
(502) 327-5400

*Counsel for the Plaintiff*
*Kentucky Department of Agriculture*
